UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSHUA POWERS,

                              Plaintiff,

              -vs-                                            13-CV-1071JTC

AMERICAN CREDIT RESOLUTION, INC.,

                              Defendant.

---

## INTRODUCTION

On October 24, 2013, plaintiff, Joshua Powers, filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* Defendant, American Credit Resolution, Inc., failed to appear and defend this action, which resulted in the Clerk of the Court entering default on January 28, 2014.  Item 6. Presently before the court is plaintiff's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Item 7.  For the following reasons, plaintiff's motion is granted.

## DISCUSSION

**1. Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed.R.Civ.P. 55(a). Once default has been entered, the allegations of the complaint

establishing the defendant's liability are accepted as true, except for those relating to the amount of damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. *See* Fed.R.Civ.P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

**2. Liability**

As set forth in the complaint, the facts are straightforward. On September 26 and 27, 2013, defendant left messages on plaintiff's personal cellular telephone using an automatic telephone dialing system. The caller did not identify the defendant's business name and failed to inform plaintiff that defendant was a debt collector. The caller simply stated that he had "a very urgent matter" to discuss regarding plaintiff's name and social security number. Item 1, ¶¶ 11-15.

Plaintiff alleged a number of violations under provisions of the FDCPA, including sections 1692d (6), 1692g(a), and 1692e(11). These provisions of Title 15 prohibit various acts, including the placement of telephone calls without the meaningful

disclosure of the caller's identity, failure to disclose the fact that the defendant is attempting to collect a debt, and failure to send the consumer a written validation notice within five days of the initial communication.  Plaintiff also alleged the violation of section 227(b)(1)(A)(iii) of the TCPA, which prohibits the use of an automatic telephone dialing system ("ATDS") to contact a cellular telephone, other than a call made for emergency purposes or with the prior express consent of the called party.  As plaintiff has sufficiently alleged defendant's violations of the FDCPA and the TCPA, liability is established.

### 3. Damages

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir.1998).  Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance, the debt collector's resources, the number of individuals adversely affected, and the extent to which the debt collector's non-compliance was intentional. See 15 U.S.C. § 1692k(b)(1).  Awards of the $1,000 statutory maximum are typically granted in cases where the defendants' violations are "particularly egregious or intimidating." *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. April 3, 2012).

A person or entity that successfully establishes a TCPA violation under section 227(b)(1)(A)(iii) may recover its actual monetary loss from the violation or receive $500

... 

in damages for each such violation, whichever is greater. See 47 U.S.C. § 227(b)(3)(B). Moreover, if the court finds that the defendant engaged in willful or knowing violations of the TCPA, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B)," i.e., three times the actual monetary loss resulting from the violation or $1500 in damages for each violation, whichever is greater. See id. § 227(b)(3).

By virtue of the entry of default, defendant is deemed to have admitted the well-pleaded allegations of the complaint, including the failure to identify itself as a debt collector, failure to send a timely validation notice, and placing non-emergency telephone calls to plaintiff's cellular telephone using ATDS technology without plaintiff's prior consent..  Under the circumstances, and considering the relative infrequency of the alleged violations, the limited number of individuals adversely affected, and the absence of any further information regarding the debt collector's resources or intent, the court finds that the violations of the FDCPA do not amount to the level of "particularly egregious or intimidating" conduct warranting an award of maximum statutory damages. The court therefore awards plaintiff $500.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).  *See Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. January 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, *3 (W.D.N.Y. January 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation); *see also Bonafede v. Advanced Credit Solutions, LLC*, 2012 WL 400789, *3 (W.D.N.Y. February 7, 2012) (finding demand of

$1,000 "excessive" where plaintiff presented no evidence that communications with collector were persistent).  Additionally, the court finds that the violations of the TCPA were not willful, as defendant had not been advised that the number called was that of a cellular telephone, and awards $1,000.00 in statutory damages, $500.00 for each of the two negligent violations of the TCPA.  *See Haley v. Hughes Network Sys., LLC*, 2013 WL 5937007, *2 (W.D.N.Y. Nov. 1, 2003) (violations of the TCPA deemed negligent prior to the point at which defendant was advised that the number it was calling was a cellular telephone).  Accordingly, the total amount of statutory damages awarded under the TCPA and the FDCPA is $1,500.00.

### 4. Attorneys' Fees and Costs

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants.  *See* 15 U.S.C. § 1692k (a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"). In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117 (2d Cir. 2007).  There is a presumption in favor of the hourly rates employed in the district in which the case is litigated.  *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009). Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience,

and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff's attorney has affirmed that he expended 12.2 hours of time on the case and seeks an hourly rate of $175.00 in accordance with the prevailing market rate for work on FDCPA cases performed by associate attorneys in this district. *See, e. g., Hamilton v. Lombardo, Davis & Goldman*, 2011 WL 2651102, at *3 (W.D.N.Y. July 6, 2011). The court finds both the number of hours expended on the case and the requested hourly rate to be reasonable, and awards attorney's fees in the amount of $2,135.00. The court also finds the request for costs to be reasonable and awards $465.00.

## CONCLUSION

Plaintiff's motion for default judgment (Item 7) is GRANTED. Plaintiff is awarded $500 for defendant's violations of the FDCPA, $1,000.00 for defendant's violations of the TCPA, $2,135.00 in attorney's fees, and $465.00 in costs. The Clerk of the Court is directed to enter judgment accordingly and close this case.

So Ordered.

\_\_\_\_\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: April    16       , 2014